## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

MARCUS D. MITCHELL,

      Plaintiff,

v.                               Case No.  3:18-cv-2139-LC/MJF

TAYLOR BROWNE,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's failure to pay the initial partial filing fee assessed in January 2019. (Doc. 14). For the reasons set forth below, the undersigned recommends that the present action be dismissed without prejudice for failure to pay the filing fee and failure to comply with four court orders.[1]

### I.     Background

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action pursuant to 42 U.S.C. § 1983 alleging violations of his Sixth Amendment right to counsel. (Doc. 1 at 7). Plaintiff names one Defendant, Mrs. Taylor Browne. (*Id.* at 1).

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). On January 10, 2019, Chief United States Magistrate Judge Elizabeth M. Timothy granted Plaintiff's motion for leave to proceed *in forma pauperis* and assessed an initial partial filing fee of $26.93. (Doc. 6). Judge Timothy imposed a thirty-day deadline for Plaintiff to comply and warned Plaintiff that his "failure to submit the partial filing fee as instructed may result in a recommendation of dismissal of this action." (Doc. 6 at 3).

On March 12, 2019, approximately one month after the deadline imposed by Judge Timothy had passed, the undersigned issued an order directing Plaintiff to explain his failure to comply with Judge Timothy's order. (Doc. 8). Plaintiff responded that he had been granted *in forma pauperis* status and was unable to pay the filing fee. (Doc. 9).

On April 15, 2019, the undersigned issued an order noting that Plaintiff had not provided evidence that he was unable to pay the initial partial filing fee. (Doc. 10). The undersigned also advised Plaintiff "that proceeding *in forma pauperis* [did] not relieve him of his duty to pay the $350.00 filing fee . . . Instead, proceeding *in forma pauperis* allows a Plaintiff to proceed with a case without pre-payment of the entire filing fee." (*Id.* at 2). The undersigned directed Plaintiff either to pay the initial partial filing fee or support his assertion that he was unable to pay the initial partial filing fee with updated inmate account statements. (Doc. 10 at 2). The

undersigned imposed a thirty-day deadline to comply. (*Id.*). The undersigned warned Plaintiff that his failure to comply likely would result in dismissal of this action. (*Id.* at 3).

On May 30, 2019, after the court-imposed deadline had passed, the undersigned issued an order directing Plaintiff to explain why he failed to comply with the undersigned's order. (Doc. 12). In that order, the undersigned warned Plaintiff that "[t]his court will afford Plaintiff one more opportunity to pay the initial partial filing fee of $26.93 or submit updated account statements supporting his assertion that he is unable to pay the initial partial filing fee." (*Id.* at 2). On July 3, 2019, Plaintiff filed a response that asserted two reasons that he failed to comply with the undersigned's orders. (Doc. 13). First, he claimed that he could not comply with the undersigned's order to provide an updated inmate trust account because he was not confined at Cross City East Unit from October 15, 2018 to the present. (*Id.*) Second, Plaintiff claimed that he could not comply with the undersigned's orders to pay the initial partial filing fee because he did not have the "correct party" to which to address a check or money order. (*Id.*)

On July 5, 2019, the undersigned issued an order explaining to Plaintiff that neither of the reasons he provided excused his failure to comply with the court orders. (Doc. 14). Nonetheless, the undersigned imposed a new deadline of August 5, 2019, for payment of the initial partial filing fee. The undersigned again warned

Plaintiff that his "failure to comply with this order likely will result in dismissal of this action for failure to pay the initial partial filing fee and failure to comply with a court order." (*Id.*) As of the date of this report and recommendation, Plaintiff still has not paid the filing fee or responded to the undersigned's order.

## II.    Discussion

The undersigned recommends that this court dismiss Plaintiff's complaint in light of Plaintiff's failure to: (1) pay the initial partial filing fee; and (2) comply with four court orders.

### A.    <u>Failure to Pay the Initial Partial Filing Fee</u>

The Prisoner Litigation Reform Act of 1995, Pub. L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA"), was enacted "[i]n an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). In pursuit of that goal, the PLRA amended portions of 28 U.S.C. § 1915 to require the payment of filing fees by prisoners proceeding in the district court. *Id.* The PLRA "clearly and unambiguously requires" payment of the filing fee, even if that is done in installments. *Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (quoting 28 U.S.C. § 1915(b)(1)); *see Wilson v. Sargent*, 313 F.3d 1315, 1318 (11th Cir. 2002) (citing 28 U.S.C. § 1915(3)(b)(1)). Thus, a "party who files . . . a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis*." N.D. Fla. Loc. R. 5.3.

Local Rule 41.1 for the Northern District of Florida provides that "the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken" if a party fails to comply with an applicable rule or court order. N.D. Fla. Loc. R. 41.1 But before a court may dismiss an action for failure to pay the filing fee, the court must first afford a plaintiff an opportunity to explain the failure. *See Wilson*, 313 F.3d at 1320-21; *see also Thomas v. Butts*, 745 F.3d 309, 312-13 (7th Cir. 2014). If a prisoner-litigant "does not comply with the district court's directions" to pay the filing fee or complete a motion to proceed *in forma pauperis* nor offers an explanation for his failure to do so, "the district court must presume that the prisoner is not a pauper, assess the entire filing fee, and dismiss the case for want of prosecution." *Bomer v. Lavigne*, 76 F. App'x 660, 661 (6th Cir. 2003).

Here, on January 10, 2019, Judge Timothy ordered Plaintiff to pay an initial partial filing fee of $26.93. (Doc. 6). Judge Timothy warned Plaintiff that the "failure to submit the partial filing fee as instructed may result in a recommendation of dismissal of this action." (Doc. 6 at 3). Since Judge Timothy's initial order, Plaintiff has been ordered to pay the initial filing fee and/or show cause why Plaintiff failed to pay the initial filing fee on four separate occasions. (Docs. 8, 10, 12, 14). Each time, Plaintiff was warned that the failure to pay the initial partial filing fee likely would result in dismissal of this action. (*Id.*) Despite these

numerous warnings, Plaintiff has not paid the initial partial filing fee. For this reason, the undersigned recommends that this case be dismissed without prejudice.

## B.   Failure to Comply with Court Orders

Plaintiff's failure to comply with four court orders is yet another reason to dismiss this case.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827, 116 S. Ct. 1777, 1782 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1. "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1388-89 (1962) (noting the inherent power of courts to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts do not need to wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87, 81 S. Ct. 534, 545 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with an order of the court); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that

the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

In recommending dismissal, the undersigned has taken into consideration the following seven factors, among others:

**(1) The duration of Plaintiff's failure to comply.** On January 10, 2019, Judge Timothy issued an order for Plaintiff to pay the initial filing fee and gave Plaintiff thirty days to comply. (Doc. 6). Thus, since February 2019, Plaintiff has failed to comply with that order.

**(2) Plaintiff's failure to comply with four court orders.** The Plaintiff has failed to comply with four court orders:

   a.    the order issued on January 10, 2019;

   b.    the order issued on April 15, 2019;

   c.    the order issued May 30, 2019; and

   d.    the order issued on July 5, 2019.

**(3) Plaintiff received notice that failure to act likely would result in dismissal.** Judge Timothy and the undersigned warned Plaintiff five times that failure to comply with the respective orders likely would result in dismissal, (Docs. 6, 8, 10, 12, 14). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of

Page 7 of 10

discretion."). Despite these warnings, Plaintiff has not complied with this court's orders.

**(4) Plaintiff is not likely to suffer substantial prejudice from the dismissal.**
Because dismissal is without prejudice, Plaintiff may elect to refile his claim should he choose to pursue it in the future. Furthermore, he has not paid the filing fee, so he will not forfeit any money. Thus, dismissal will not result in substantial prejudice to him.

**(5) The proper balance between alleviating court calendar congestion and protecting Plaintiff's right to due process and a fair chance to be heard.** The Plaintiff has been afforded an opportunity to be heard and has received due process. The court's need to ensure that filing fees are paid and that court orders are obeyed, and the need to dispose of cases that are not being actively prosecuted, outweighs any due process right that Plaintiff may have in this case remaining open.

**(6) The public policy favoring disposition of cases on their merits.** Plaintiff has not made any effort to pay the initial partial filing fee or prosecute this action. The orders issued by Judge Timothy and the undersigned were designed to facilitate the disposition of this case on its merits. Furthermore, the policy favoring a decision on the merits is important, but it does not outweigh the other considerations addressed herein, such as the court's need to keep cases moving toward a final

disposition, the need to ensure that filing fees are paid, and the need to ensure compliance with court orders.

**(7) The fact that any lesser sanction would be inefficacious.** Plaintiff has failed to comply with four court orders. His past conduct suggests that he likely would ignore any further orders to comply. Insofar as he is already incarcerated and presumably indigent, it is unlikely that imposition of a fine or a finding of contempt would motivate the Plaintiff. Dismissal without prejudice is an appropriate sanction to address the important interests discussed above.

## III.    Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.    This action be **DISMISSED** without prejudice for Plaintiff's failure to pay the filing fee and failure to comply with court orders.

2.    The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this <u>13th</u> day of September, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**